Peter Kinnally
1654 Tavern Road
Alpine, CA 91901
Telephone: (858) 204-5443
kinnally@gmail.com
Pro se Plaintiff

FILED
Aug 15 2024
CLERK, U.S. DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA
BY    s/ AlejandraIslas    DEPUTY

# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF CALIFORNIA

PETER KINNALLY,

    Plaintiff,

vs.

U.S. CUSTOMS AND BORDER PROTECTION,

    Defendant

Case No. **'24CV1454 AGS JLB**

**COMPLAINT FOR INJUNCTIVE RELIEF**

1. This is an action seeking to compel U.S. Customs and Border Protection ("CBP"), a component of the U.S. Department of Homeland Security ("DHS"), to comply with the Freedom of Information Act ("FOIA"), 5 U.S.C. § 552, *et seq*. Defendant CBP has failed to abide by FOIA's statutory deadlines with respect to Plaintiff Peter Kinnally's request concerning records held by CBP.

2. Plaintiff Peter Kinnally sent a FOIA request to CBP on May 2, 2024, seeking all records regarding himself held by CBP, including any information about his travel, residence, employment, volunteer activities, affiliations, and any communication between CBP and other law enforcement agencies.

3. Peter Kinnally is a volunteer and resident of Alpine, California. Mr.

Kinnally has volunteered at open-air detention sites for the past several months. When he is in the field helping migrants, he is providing food, water, basic medical assistance (including dialing 911 when there is an emergency), and information.

4. On the afternoon of April 27, 2024, a female border patrol agent wearing a polo shirt and a hat with a badge that said "Border Patrol" on it came to Mr. Kinnally's house. His wife answered the door, and he was on the property using his tractor. The agent aggressively questioned Mr. Kinnally's wife as she tried to get information about Mr. Kinnally's former roommate. She claimed to have a document for him. However, Mr. Kinnally's former roommate has lawful immigration status and Border Patrol would have no reason to hand deliver any document to him. Border Patrol does not typically deliver any documents to anyone at all.

5. Prior to the CBP agent's visit to Mr. Kinnally's home, he had been experiencing an escalated amount of hostility in the field, including being followed by six CBP vehicles while dropping off food and water. He has been stopped and questioned multiple times.

6. CBP has not produced any records or provided any response indicating whether it has begun its search responsive to Mr. Kinnally's FOIA request.

## JURISDICTION AND VENUE

7. This Court has over this action pursuant to 28 U.S.C. § 1331 and 5 U.S.C. § 552(a)(4)(B), (a)(6)(C)(i), (a)(6)(E)(iii).

8. This Court has jurisdiction to grant injunctive and further necessary or proper relief pursuant to 5 U.S.C. § 552(a)(4)(B), (a)(6)(E)(iii), and 28 U.S.C. § 2201–2202.

9. Venue is proper within this district under 5 U.S.C. § 552(a)(4)(B) and 28 U.S.C. §§ 1391(e)(1) as Plaintiff resides in this district.

## PARTIES

10. Plaintiff Peter Kinnally is a volunteer residing in Alpine, California.

11. Defendant CBP is an agency within the meaning of 5 U.S.C. § 552(1)(f).

CBP has possession, custody, and control of records responsive to Plaintiff's FOIA request.

## FACTS

12. On May 2, 2024, Plaintiff Kinnally submitted a FOIA request to CBP seeking production of all records relating to his travel, employment, volunteer activities and affiliations, including any communication between CBP and other law enforcement agencies, pursuant to 5 U.S.C § 552(a)(3);

13. To date, CBP has not communicated with Plaintiff about the status of its search for documents responsive to request CBP-FO-2024-101385 or the scope of the documents it intends to produce and withhold.

## CLAIMS FOR RELIEF
### COUNT I: Violation of 5 U.S.C. § 552(a)(6)(A)(i)
### Failure to Make and Communicate Timely Determination

14. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

15. FOIA requires agencies to issue determinations and communicate those determinations to requesters within twenty working days of receiving the request. 5 U.S.C. § 552(a)(6)(A)(i).

16. Agencies may extend the deadline an additional ten days in "unusual circumstances." 5 U.S.C. § 552(a)(6)(B)(i).

17. To properly issue a determination, agencies must at a minimum "inform the requester of the scope of the documents it will produce and the exemptions it will claim with respect to any withheld documents." *Citizens for Resp. & Ethics in Washington v. Fed. Election Comm'n*, 711 F.3d 180, 185 (D.C. Cir. 2013).

18. CBP violated FOIA by failing to make the required determinations and to communicate those determinations to Plaintiff within the designated timeframe.

### COUNT II: Violation of 5 U.S.C. § 552(a)(3)(C)
### Failure to Conduct Adequate Search

19. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

20. Under the FOIA, agencies must respond to a FOIA request by making reasonable efforts to search for the records requested. 5 U.S.C. § 552(a)(3)(C).

21. CBP violated FOIA by failing to conduct a reasonable search for records responsive to Plaintiff's request.

### COUNT III: Violation of 5 U.S.C. § 552(a)(4)(B)
### Unlawful Withholding of Agency Records

22. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

23. Agencies may withhold records only under the specifically enumerated FOIA exemptions. 5 U.S.C. § 552(a)(4)(B).

24. CBP violated FOIA by unlawfully withholding records responsive to the Plaintiff's request other than those that FOIA has exempted.

### COUNT IV: Violation of 5 U.S.C. § 552(a)(3)(A)
### Failure to Make Records Promptly Available

25. Plaintiff re-alleges and incorporates by reference all allegations in the foregoing paragraphs as if fully set forth herein.

26. Agencies must promptly produce records responsive to the properly filed FOIA request. 5 U.S.C. § 552(a)(3).

27. Plaintiff has a legal right to obtain such records, and no legal basis exists for CBP's failure to disclose them.

28. CBP violated FOIA by failing to produce any records responsive to Plaintiff's FOIA request.

**REQUEST FOR RELIEF**

WHEREFORE, Plaintiff respectfully request that this Court:

1. Assume jurisdiction over the matter;
2. Order CBP to issue determinations responsive to Plaintiff's request in accordance with 5 U.S.C. § 552(a)(6)(A)(i), (B)(i).
3. Order CBP to conduct prompt and adequate searches for all records responsive to Plaintiff's request in accordance with 5 U.S.C. § 552(a)(3)(C);
4. Enjoin CBP from continuing to improperly withhold records responsive to the Plaintiff's request in accordance with 5 U.S.C. § 552(a)(3)(A);
5. Order CBP to produce, within twenty (20) days of the Court's order, or by such other date as the Court deems appropriate, all non-exempt records or portions of records responsive to Plaintiff's request and any agency justifications for withholding any responsive records;
6. Award Plaintiff such further relief as the Court deems just, equitable, and appropriate.

I declare under penalty of perjury that the foregoing is true and correct.

Dated: August 15th, 2024

Respectfully submitted,
By: _____
PETER KINNALLY

Pro se Plaintiff
E-mail: kinnally@gmail.com

5