ANDREW R. HADEN
Acting United States Attorney
ERIN M. DIMBLEBY
Assistant U.S. Attorney
California Bar No. 323359
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Tel: (619) 546-6987
Fax: (619) 546-7751
Email: Erin.Dimbleby@usdoj.gov

Attorneys for Defendant

# UNITED STATES DISTRICT COURT

# SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KINNALLY,<br><br>　　　　Plaintiff,<br><br>　　　v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>　　　　Defendant. | Case No.: 24-cv-1454-AGS-JLB<br><br>**DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**<br><br>Date: July 18, 2025<br>Time: 2:00 p.m.<br>Judge: Hon. Andrew G. Schopler<br><br>NO ORAL ARGUMENT REQUESTED |

## MOTION

Pursuant to Federal Rule of Civil Procedure 56, U.S. Customs and Border Protection (Defendant) moves for summary judgment on Plaintiff's claims for violation of the Freedom of Information Act (FOIA), 5 U.S.C. § 552. This motion is based on the following Memorandum of Points and Authorities, as well as all pleadings and filings in this action, and upon any such other matters or argument that the Court may permit.[1]

## MEMORANDUM OF POINTS AND AUTHORITIES

### I.   INTRODUCTION

This is a Freedom of Information Act (FOIA) lawsuit in which Plaintiff seeks an order compelling Defendant to adequately respond to his FOIA request. At the time that Plaintiff initiated this matter, Defendant had not yet responded to his request. Plaintiff's complaint asserts four FOIA causes of action stemming from Defendant's as-of-then non-response: (1) failure to make and communicate timely determination; (2) failure to conduct adequate search; (3) unlawful withholding of agency records; and (4) failure to make records promptly available. However, as Defendant has now responded and disclosed all responsive documents to Plaintiff, his FOIA claims are moot. Moreover, Defendant has thoroughly processed Plaintiff's request, conducted comprehensive

---

[1] On November 21, 2024, the Court issued a scheduling order directing Defendant to file status reports on its document review and record release. ECF No. 8 at 1. The scheduling order also directed that any motions, including motions for summary judgment, should be filed no later than April 4, 2025. *Id.* On March 18, 2025, Defendant filed a status report stating that it had finalized its review and release. ECF No. 10. Upon the finalization of the review and release, counsel for Defendant contacted Plaintiff regarding his amenability to jointly dismissing this action; as of this filing, counsel has not received a response from Plaintiff. *See id.* On April 2, 2025, in light of the March 2025 status report, the Court issued an order setting May 14, 2025 as a deadline for the filing of a joint motion to dismiss, and setting a settlement disposition conference for May 16, 2025. ECF No. 11. The April 2, 2025 order is silent as to the motions filing deadline set in the scheduling order. Accordingly, this motion is respectfully submitted in accordance with the Court's November 21, 2024 scheduling order.

searches, and engaged in good-faith productions. Defendant is entitled to judgment as a matter of law.

## II.     FACTUAL AND PROCEDURAL BACKGROUND

Plaintiff submitted his FOIA request on May 2, 2024. *See* ECF No. 1 at 1, ¶ 2. The FOIA request sought "[a]ll information regarding Peter Kinnally held by CBP, including any information about travel, residence, employment, volunteer activities, affiliations, including any communication between CBP and other law enforcement agencies, including whether Peter is or has been part of any investigations." Declaration of Patrick Howard (Howard Decl.) at ¶ 6.

Plaintiff initiated this case on August 15, 2024, before Defendant had acted upon or responded to his FOIA request. *See* ECF No. 1 at 2, ¶ 6; Howard Decl. at ¶ 7. On September 25, 2024, Defendant responded to Plaintiff's request and released responsive travel records. Howard Decl. at ¶ 16. The only data point Plaintiff provided in his FOIA request was his name. Following the September production, Plaintiff provided additional data points regarding himself, such as his license plate and phone numbers, that could be utilized in additional searches. *See* ECF No. 9 at 2; Howard Decl. at ¶ 8.[2]

Defendant identified two databases (ENFORCE, TECS) and four offices (USBP Headquarters, Campo Station, Brown Field Station, Boulevard Station) as potential locations that could reasonably contain responsive records. Howard Decl. at ¶¶ 8, 10-15. Defendant also conducted searches of electronic mail within CBP for responsive records. Howard Decl. at ¶ 18. Using the data points and terms provided by Plaintiff, Defendant performed a thorough search for all potentially responsive records. Howard Decl. at ¶¶ 8, 12-25. Following a methodical review, Defendant produced all responsive records to Plaintiff. Howard Decl. at ¶¶ 16, 17, 24-27.

///

---

[2] Plaintiff's license plate and phone numbers are redacted within the declaration submitted in support of this motion. An unredacted copy of the declaration is being provided to Plaintiff.

### III. LEGAL STANDARDS

#### A. The Freedom of Information Act

FOIA is a statutory mechanism under which individuals may request access to federal agency documents. *See* 5 U.S.C. § 552. It is a "carefully balanced scheme of public rights and agency obligations" providing greater access to agency records than existed prior to its enactment. *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). FOIA applies to "any information that would be an agency record … when maintained by an agency in any format, including an electronic format." 5 U.S.C. § 552(f)(2)(A). For a document to qualify as an "agency record," the agency must both (a) create or obtain the document, and (b) control the document at the time the FOIA request is made. *United States DOJ v. Tax Analysts*, 492 U.S. 136 (1989); *Kissinger*, 445 U.S. at 151-52; *Forsham v. Harris*, 445 U.S. 169 (1980).

A FOIA request must reasonably describe the records sought. 5 U.S.C. § 552(a)(3). The agency then construes the terms of that request "liberally" so as to search the reasonable range of records potentially responsive to the request. *Nation Magazine v. United States Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995); *Truitt v. United States Dep't of State*, 283 U.S. App. D.C. 86, 897 F.2d 540, 544-45 (D.C. Cir. 1990). Liberal construal is "reasonably calculated to uncover all relevant documents"; it is not determined by "whether there might exist any other documents possibly responsive to the request[.]" *Citizens Comm'n on Human Rights v. FDA*, 45 F.3d 1325, 1328 (9th Cir. 1995).

"FOIA represents a carefully considered balance between the right of the public to know what their government is up to and the often compelling interest that the government has in keeping certain information private, whether to protect particular individuals or the national interest as a whole." *ACLU v. FBI*, 429 F.Supp.2d 179, 186–87 (D.D.C. 2006). Recognizing the balance Congress intended between public access to records and the accompanying burden on public resources, agencies have a duty to liberally construe only what is "reasonably describe[d]" in the request, not to "search[]

beyond the four corners of the request" or "divine a requester's intent." *Am. Chemistry Council, Inc. v. HHS*, 922 F. Supp. 2d 56, 62 (D.D.C. 2013) (internal quotation omitted); *Landmark Legal Found. v. EPA*, 272 F. Supp. 2d 59, 64 (D.D.C. 2003). Unlike in civil discovery, a FOIA requester is not entitled to add, supplement, or enlarge the underlying FOIA request during the pendency of that request or resultant litigation. *See Thomas v. Office of the United States Atty.*, 171 F.R.D. 53 (E.D.N.Y. 1997); *Hucul v. HHS*, No. 20cv0035-GPC(AGS), 2021 WL 961656, *7 (S.D. Cal. Mar. 15, 2021) ("A reasonable reading of the FOIA request does not support [p]laintiff's [subsequent] argument that he sought the underlying child support orders to include the parent's name, custodial status of the parent and the case numbers.").

Thus, an agency is not expected to use every conceivable search term, but terms reasonably calculated to locate records responsive to the request it was given. *Agility Public Warehousing Co. K.S.C. v. NSA*, 113 F. Supp. 3d 313, 339 (D.D.C. 2015). A FOIA records search need not, and indeed cannot be exhaustive. *Citizens for Responsibility and Ethics in Washington v. U.S. Dep't of Veterans Affairs*, 69 F.Supp.3d 115, 121 (D.D.C. 2014). Courts have decisively recognized that an agency cannot "perform searches which are not compatible with their own document retrieval systems[,]" nor be required to search every office, location, or every record system for potentially responsive documents. *Assassination Archives & Research Ctr., Inc. v. CIA*, 720 F Supp 217, 219 (1989); *Kowalczyk v. Dep't of Justice*, 73 F.3d 386, 388 (1996) (rejecting plaintiff's argument that "staff should have realized" plaintiff wanted records from a New York office even though the request was not directed there); *Oglesby v. U.S. Dep't of Army*, 920 F.2d 57, 68 (D.C. Cir. 1990).

### B. Summary Judgment

FOIA litigation is "typically and appropriately" resolved through summary judgment. *See Harrison v. Exec. Ofc. for U.S. Atty's*, 377 F. Supp. 2d 141, 145 (D.D.C. 2005). In a FOIA case, as in others, the Court may grant summary judgment "if the movant shows that there is no genuine dispute as to any material fact and the movant is

entitled to judgment as a matter of law." Fed. R. Civ. Proc. 56(a). A principal purpose of summary judgment "is to isolate and dispose of factually unsupported claims." *Celotex Corp. v. Catrett*, 477 U.S. 317, 323-24 (1986).

District courts may therefore award summary judgment in FOIA cases "solely on the basis of information provided by the department or agency in affidavits or declarations." *Harrison*, 377 F. Supp. at 145-46; *Lion Raisins, Inc. v. USDA*, 354 F.3d 1072, 1081 (9th Cir. 2004) (citing *Church of Scientology v. Dep't of the Army*, 611 F.2d 738, 742 (9th Cir. 1979)), overruled on other grounds by *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 989 (9th Cir. 2016). Indeed, if an agency's submissions appear adequate on their face, summary judgment is appropriate unless the plaintiff can present evidence of bad faith on the part of the agency or evidence that exemptions claimed by the agency should not apply. *ACLU of Mich.*, 734 F.3d at 465; *Long*, 692 F.3d at 191; *Evan*, 951 F.3d at 584; *Lahr*, at 987-88 ("The district court found no evidence of either agency's bad faith in conducting their searches, and, aside from his general allegations of government cover-up, Lahr presents no evidence that would undermine the district court's conclusion.").

## IV.   ARGUMENT

### A.   Plaintiff's FOIA Claims Are Moot

Federal courts do not have jurisdiction "to give opinion upon moot questions or abstract propositions, or to declare principles or rules of law which cannot affect the matter in issue in the case before it." *Church of Scientology of Cal. v. United States*, 506 U.S. 9, 12 (1992). "A claim is moot if it has lost its character as a present, live controversy." *Rosemere Neighborhood Ass'n v. U.S. Env't Prot. Agency*, 581 F.3d 1169, 1172-73 (9th Cir. 2009). A case becomes moot "when the issues presented are no longer 'live' or the parties lack a legally cognizable interest in the outcome." *Cnty. of Los Angeles v. Davis*, 440 U.S. 625, 631 (1979). In general, when an agency has performed the action sought by a plaintiff, a federal court "lacks the ability to grant

effective relief," and the claim is moot. *See Pub. Utils. Comm'n of State of Cal. v. FERC*, 100 F.3d 1451, 1458 (9th Cir. 1996).

Plaintiff's four FOIA causes of action are based on the assertion that "CBP has not communicated with Plaintiff about the status of its search for documents responsive to [his] request CBP-FO-2024-101385 or the scope of the documents it intends to produce and withhold." ECF No. 1 at 3, ¶ 13. Plaintiff seeks an order for Defendant to "produce, within twenty (20) days of the Court's order . . . all non-exempt records or portions of records responsive to Plaintiff's request and any agency justifications for withholding any responsive records." ECF No. 1 at 5, ¶ 5. On March 10, 2025, CBP finalized its review of Plaintiff's request and finalized producing all responsive records. Howard Decl. at ¶¶ 26-27.

Thus, the relief Plaintiff seeks cannot be granted because all responsive records have been disclosed. *See id.* "Federal courts have routinely held that an action for production of documents pursuant to the FOIA or the Privacy Act becomes moot once the requested documents have been produced." *Sterrett v. Dep't of Navy*, No. 09-CV-2083-IEG (POR), 2010 WL 330086, at *2 (S.D. Cal. Jan. 20, 2010); *see Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002) ("the production of all nonexempt material, 'however belatedly,' moots FOIA claims"); *Carter v. Veterans Administration*, 780 F.2d 1479 (9th Cir. 1986) (same). When a plaintiff makes a claim under FOIA, "federal jurisdiction is dependent upon a showing that an agency has (1) 'improperly'; (2) 'withheld'; (3) 'agency records.'" *Kissinger v. Reporters Comm. for Freedom of the Press*, 445 U.S. 136, 150 (1980). "Judicial authority to devise remedies and enjoin agencies can only be invoked . . . if the agency has contravened all three components of this obligation." *Id.* Therefore, once the requested documents are provided, they are no longer being "withheld" and the FOIA claim is moot. *Beech v. Commissioner of Internal Revenue Service*, 190 F. Supp. 2d 1183, 1187 (D. Ariz. 2001) (citing *Carter*, 780 F.2d 1479). The timeliness of the production is irrelevant to the mootness issue. *See Papa*, 281 F.3d at 1013. Further, "'FOIA requires that federal agencies make records available

1  only upon a request which reasonably describes the records sought.'" *Yagman v. Pompeo*, 868 F.3d 1075, 1081 (9th Cir. 2017) (quoting *Marks v. United States*, 578 F.2d 261, 263 (9th Cir. 1978)).

In addition, to the extent that Plaintiff complains that there was an unreasonable delay in responding to his FOIA request, that claim is also moot because Defendant has processed the requested records. *Yonemoto v. Dep't of Veterans Affairs*, 686 F.3d 681, 689 (9th Cir. 2012) (noting that "the production of all nonexempt material, 'however belatedly, moots FOIA claims'") (quoting *Papa v. United States*, 281 F.3d 1004, 1013 (9th Cir. 2002)), overruled on other grounds by *Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987, 990 (9th Cir. 2016). Alleged delay is not a basis to deny summary judgment. *See Jacobs v. Fed. Bureau of Prisons*, 725 F. Supp. 2d 85, 89 (D.D.C. 2010) (ruling that "untimely response does not entitle plaintiff to summary judgment . . .").

As Plaintiff's request has been responded to and all responsive documents have been produced, Defendant is entitled to judgment as a matter of law.

### B. Defendant Conducted An Adequate Search

Since Defendant completed its review and response to Plaintiff's FOIA request, Plaintiff has not amended his complaint to contest the adequacy of the search. Regardless, amendment would be futile as Defendant's search was more than adequate.

"To determine whether an agency has fulfilled its duty, rather than rummaging through government files, we analyze whether the agency performed an adequate search." *Pomares v. Dep't of Veterans Affairs*, 113 F.4th 870, 879 (9th Cir. 2024) (citing *Transgender L. Ctr. v. Immigr. & Customs Enf't*, 46 F.4th 771, 779 (9th Cir. 2022)). A search is adequate if it is "reasonably calculated to uncover all relevant documents." *Weisberg v. Dept. of Justice*, 705 F.2d 1344, 1351 (D.C. Cir. 1983). "[I]t is the agency's burden to prove 'beyond material doubt' that it has taken 'all reasonable measures to uncover all relevant documents.'" *Pomares*, 113 F.4th at 879 (quoting *Transgender L. Ctr.*, 46 F.4th at 779-80. Where the adequacy of the search is at issue, the agency must

show that it made "a good-faith effort to conduct a search for the requested records, using methods which can be reasonably expected to produce the information requested." *Nation Magazine v. U.S. Customs Serv.*, 71 F.3d 885, 890 (D.C. Cir. 1995) (quotation omitted). Courts "consider not whether the agency produced every responsive document but rather whether its search was reasonable." *Pomares*, 113 F.4th at 879; *see Trentadue v. Fed. Bureau of Investigation*, 572 F.3d 794, 797 (10th Cir. 2009) ("[T]he focal point of the judicial inquiry is the agency's search process, not the outcome of its search."). Once the agency has provided a reasonably detailed affidavit describing its search, the burden shifts to the FOIA requester-plaintiff to produce "countervailing evidence" that a genuine dispute of material fact exists as to the adequacy of the search. *Morley v. C.I.A.*, 508 F.3d 1108, 1116 (D.C. Cir. 2007).

Based on Plaintiff's FOIA request, Defendant identified two databases and four component offices in which responsive records could likely be found. *See* Howard Decl. at ¶¶ 8, 10-17. The databases Defendant searched included ENFORCE and TECS. Howard Decl. at ¶ 13, 15-17. The component offices tasked with locating potentially responsive records included USBP Headquarters and three stations located within San Diego Sector (Campo Station, Brown Field Station, and Boulevard Station). Howard Decl. at ¶¶ 10-14. Utilizing the terms and data points provided by Plaintiff, Defendant methodically searched those databases and offices for responsive records. Howard Decl. at ¶¶ 12-14, 16-17. Defendant also utilized those data points and terms to conduct a search of all CBP email accounts. Howard Decl. at ¶¶ 18-25.

Defendant then individually reviewed all potentially responsive records and identified responsive records for production. *See* Howard Decl. at ¶ 16 (reviewed responsive records and produced three pages of records); ¶ 17 (reviewed responsive records and produced 21 pages of records); ¶ 24 (reviewed 2,459 potentially responsive records and produced 10 pages of records); ¶ 25 (reviewed 2,152 potentially responsive records and produced 11 pages of records). The responsible CBP official has determined that "all reasonable searches that could identify responsive records have been conducted

by CBP and no additional searches would be reasonably likely to identify any responsive records that have not already been found and produced to the Plaintiff." Howard Decl. at ¶ 27.

Defendant's comprehensive and reasonable search was clearly adequate. As such, judgment would be entered for Defendant on any such claim.

## V. CONCLUSION

Defendant has thoroughly processed Plaintiff's request, conducted comprehensive searches, and engaged in good-faith productions. For the foregoing reasons, Defendant respectfully requests that the Court enter summary judgment in its favor on every claim asserted Plaintiff in this case.

Dated: April 4, 2025

Respectfully Submitted,

ANDREW R. HADEN
Acting United States Attorney

*s/Erin M. Dimbleby*
ERIN M. DIMBLEBY
Assistant United States Attorney

Attorneys for Defendant