ANDREW R. HADEN
Acting United States Attorney
ERIN M. DIMBLEBY
Assistant U.S. Attorney
California Bar No. 323359
Office of the U.S. Attorney
880 Front Street, Room 6293
San Diego, CA 92101-8893
Telephone: (619) 546-6987
Email: Erin.Dimbleby@usdoj.gov

Attorneys for Defendant

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PETER KINNALLY,<br><br>            Plaintiff,<br><br>v.<br><br>U.S. CUSTOMS AND BORDER PROTECTION,<br><br>            Defendant. | Case No.: 24-cv-1454-AGS-JLB<br><br>**DECLARATION OF PATRICK HOWARD IN SUPPORT OF DEFENDANT'S MOTION FOR SUMMARY JUDGMENT** |

   I, Patrick Howard, pursuant to 28 U.S.C. § 1746, hereby declare under penalty of perjury that the following statements are true and correct to the best of my knowledge, information, and belief:

   1.   I am the Branch Chief of the Freedom of Information Act ("FOIA") Division, Privacy, FOIA and EEO, at U.S. Customs and Border Protection ("CBP). As the Branch Chief, I am the official responsible for the overall supervision of the processing of requests submitted to CBP under FOIA, 5 U.S.C. § 522.  I provide technical and administrative supervision and direction, through subordinate supervisors,

to a group of Government Information Specialists in processing the most complex and difficult requests for release of CBP documents and information, assist with FOIA litigation matters, and oversee the processing of FOIA responses in adherence to federal laws and regulations.

2. CBP is a law enforcement agency with enforcement responsibilities for over 400 Federal statutes on behalf of over 40 different federal agencies. CBP's mission is to protect the borders of the United States against terrorists and instruments of terror, enforce the customs and immigration laws of the United States, and foster our Nation's economy by facilitating lawful internation trade and travel. This mission includes the detection and prevention of the illegal entry of aliens into the United States. The creation and implementation of effective law enforcement policies and procedures is paramount to achieving this mission. The records, programs, policies, and procedures at issue in this case are directly related to CBP's law enforcement activities and are all used for border security and enforcement purposes.

3. I am familiar with the May 2, 2024, FOIA request submitted by Mr. Peter Kinnally (hereinafter "Plaintiff"). All information contained herein is based upon information furnished to me in my official capacity as Branch Chief of CBP's FOIA Division. The statements I make in this declaration are based on my personal knowledge, which includes knowledge acquired through information furnished to me in the course of my official duties and agency files that I personally reviewed in the course of my official duties.

4. The purpose of this declaration is to describe CBP's handling of Plaintiff's FOIA request. This Declaration (i) summarizes the relevant facts and correspondence regarding Plaintiff's FOIA request and (ii) explains the searches CBP conducted in responding to the request.

5. On May 2, 2024, Plaintiff filed a FOIA request using CBP's online FOIA system. Plaintiff's FOIA request was assigned number CBP-FO-2024-101385.

6. Plaintiff's FOIA request sought "All information regarding Peter Kinnally held by CBP, including any information about travel, residence, employment, volunteer activities, affiliations, including any communication between CBP and other law enforcement agencies, including whether Peter is or has been part of any investigations."

7. On August 15, 2024, Plaintiff filed the instant lawsuit. Prior to that, the FOIA Division had not responded to Plaintiff's FOIA request, and Plaintiff did not file an appeal. Instructions for submitting a FOIA appeal are on CBP's website and CBP.gov. The instructions also include an explanation of how to submit a FOIA request to CBP online through CBP's electronic tracking system for FOIA requests and appeals (known as "FOIAonline").

8. In response to Plaintiff's FOIA request, CBP's FOIA Division worked with attorneys in the CBP Office of Chief Counsel, the U.S. Attorney's Office for the Southern District of California, and Plaintiff to identify offices within CBP in which responsive records could likely be found and to identify additional data points that were representative of Plaintiff, apart from his name, that could be utilized in searches. Based on Plaintiff's request, Plaintiff's name ("Peter Kinnally"), license plate numbers associated with Plaintiff ("███4", "███3", "███3", "███2."), and phone numbers provided by Plaintiff ("███3," "███3"), were provided by Plaintiff as data points for searches.

9. U.S. Border Patrol ("USBP") is the component within CBP that secures the United States' borders by detecting and preventing the entry of illegal aliens, terrorists and terrorist weapons, and other outside threats and reducing the likelihood that dangerous people and capabilities enter the United States between ports of entry. USBP's traditional mission is to enforce immigration laws and to detect, interdict, and apprehend those who attempt to illegally enter or smuggle people across U.S. borders between official ports of entry. This mission is accomplished by maintaining

surveillance, follow up leads, responding to electronic sensor alarms, and aircraft sightings, and interpreting and following tracks. Some of USBP's major activities include maintaining traffic checkpoints along highways leading from border areas, conducting city patrol and transportation check, and conducting anti-smuggling investigations.

10. USBP Headquarters, also known as the Office of Border Patrol ("OBP"), generally keeps its files electronically, on an internal shared drive, with print-outs when a hard copy is required.

11. Apart from USBP Headquarters, USBP is organized into twenty Sectors representing a geographic area of responsibility. The twenty Sectors each have a Headquarters office with jurisdiction over Stations within each Sector. Stations comprise a smaller geographic area of responsibility within the Sector. The number of Stations within each Sector varies. Based on Plaintiff's request, three Stations within the San Diego Sector were asked to search for results: Campo, Brown Field, and Boulevard.

12. USBP Headquarters, OBP ran a search for the information requested by Plaintiff which resulted in no hits.

13. For the Stations within the San Diego Sector, it was determined that querying the ENFORCE database was the most reasonable way to locate the requested records. ENFORCE is a system of records that maintains information useful in identifying, investigating, apprehending and/or removing aliens entering or present in the United States, as well as facilitating the legal entry and egress of individuals to and from the United States. CBP utilizes ENFORCE to identify, investigate, apprehend, and remove aliens that are or have unlawfully entered the United States and/or those who are or have smuggled people or contraband unlawfully into the United States. Files are generally kept electronically in ENFORCE and printed out when a hard copy is required. ENFORCE can be searched utilizing an individual's name but cannot be

searched by license plate number or phone number. A search of Plaintiff's name in ENFORCE yielded no results.

14. In addition, each of the above-named Stations (Campo, Brown Field, and Boulevard) in the San Diego Sector conducted an electronic search of their respective shared drives for any responses that related to Plaintiff's name, license plate numbers associated with Plaintiff, and phone numbers provided by Plaintiff. San Diego Sector reported a negative response from all Stations based on Plaintiff's request.

15. TECS (not an acronym) is owned and managed by CBP. TECS is the principal system used by officers at the border to assist with screening and determinations regarding admissibility of arriving persons.

16. A search for Plaintiff's phone numbers in TECS yielded no results. A search for Plaintiff's name in TECS yielded Plaintiff's travel history. This included 28 records spanning from March 14, 1999, to August 5, 2024, and includes vehicle, pedestrian, and airport encounters. A redacted printout of this travel history, that totaled three pages, was produced to Plaintiff on September 25, 2024.

17. A search in TECS for the license plates identified by Plaintiff yielded 21 pages of results. This search covered the following license plates and dates: ▓▓▓▓4 (8▓▓▓-1▓▓▓); ▓▓▓▓3 (8▓▓▓-1▓▓▓); ▓▓▓▓3 (8▓▓▓-1▓▓▓); and ▓▓▓▓2 (1▓▓▓-8▓▓▓). On December 5, 2024, 21 pages of responsive records were produced to Plaintiff, with redactions.

18. Searches of email accounts and email inboxes within CBP are conducted by CBP's eDiscovery Team. In November 2024, CBP FOIA requested that CBP's eDiscovery Team conduct a search of all CBP email accounts for the terms "Kinnally," "▓▓▓▓4," "▓▓▓▓3," "▓▓▓▓3," and "▓▓▓▓2." This search yielded over 42 GB of emails and email attachments, which were sent to CBP FOIA for review.

19. In January 2025, CBP FOIA was informed that Plaintiff requested, through the U.S. Attorney's Office, a focused and narrowed email search of then San Diego

Border Patrol Chief Patricia McGurk's email inbox. Based on Plaintiff's request of a narrow search, CBP FOIA requested CBP's eDiscovery Team to conduct a search of Chief McGurk's email inbox for the terms "Kinnally," "████ 4," "████ 3," "████ 3," and "████ 2."

20. The time frame for the searches in paragraphs 18 and 19 was October 1, 2023, through November 8, 2024.

21. Only four messages were responsive in Chief McGurk's email inbox. All four messages were her being copied in discussions relating to this litigation, and thus not subject to disclosure. A letter informing Plaintiff that there were no responsive results was sent to Plaintiff on January 28, 2025.

22. On February 18, 2025, CBP FOIA Division requested CBP's eDiscovery Team conduct a search for the phone number Plaintiff provided that was inadvertently omitted from the prior search requests. Both "████████ 3" and "████████ 3" were used in the search. The time frame for this search was October 1, 2023, through November 8, 2024. This search yielded no results.

23. The search results from paragraph 18, of all CBP email accounts, contained 12 email files with a total of 4,611 messages plus attachments. The primary search results of 12 email files were separated into two manual reviews conducted by CBP FOIA. The first review consisted of six email files, which totaled 2,459 messages plus attachments. The second review consisted of six email files, which totaled 2,152 messages plus attachments.

24. For the first review mentioned in paragraph 23, CBP FOIA manually reviewed 2,459 email messages and attachments. The majority of the records reviews were non-responsive to Plaintiff's request and fell into the following categories: records of CBP employees with Plaintiff's last name; email messages between CBP and DOJ discussing the present litigation; and email messages within CBP discussing the search based on Plaintiff's FOIA request. After completing review of these documents, 10

pages of records were deemed responsive. On February 27, 2025, CBP FOIA sent a letter and the responsive documents, with redactions, to Plaintiff.

25. For the second review mentioned in paragraph 23, CBP FOIA manually reviewed 2,152 email messages and attachments. As with the first review, majority of the records reviews were non-responsive to Plaintiff's request and fell into the following categories: records of CBP employees with Plaintiff's last name; email messages between CBP and DOJ discussing the present litigation; and email messages within CBP discussing the search based on Plaintiff's FOIA request. After completing review of these documents, CBP FOIA deemed 11 pages of records responsive to Plaintiff's request. On March 10, 2025, CBP FOIA sent a letter and the responsive documents, with redactions, to Plaintiff.

26. The processing of Plaintiff's FOIA request was completed on March 10, 2025.

27. I believe that all reasonable searches that could identify responsive records have been conducted by CBP and no additional searches would be reasonably likely to identify any responsive records that have not already been found and produced to Plaintiff.

I declare, pursuant to 28 U.S.C. § 1746, under penalty of perjury that the foregoing is true and correct to the best of my knowledge, information, and belief.

Executed on March 26, 2025

*Patrick Howard*
_____
PATRICK HOWARD
Branch Chief
FOIA Division
Privacy, FOIA and EEO
U.S. Customs and Border Protection
U.S. Department of Homeland Security