UNITED STATES DISTRICT COURT

SOUTHERN DISTRICT OF CALIFORNIA

| Peter KINNALLY, | Case No.: 24-cv-1454-AGS-JLB |
|---|---|
| Plaintiff, | **ORDER DISMISSING COMPLAINT WITHOUT LEAVE TO AMEND AND DENYING SUMMARY-JUDGMENT MOTION (ECF 12)** |
| v. | |
| U.S. CUSTOMS AND BORDER PROTECTION, | |
| Defendant. | |

The key issue here is whether this Freedom of Information Act case is moot.

Last year, plaintiff "Peter Kinnally sent a FOIA request" to defendant U.S. Customs and Border Protection, "seeking all records regarding himself." (ECF 1, at 1.) By August 15, 2024, when Kinnally filed suit, CBP still "ha[d] not produced any records or provided any response indicating whether it ha[d] begun its search" for responsive documents. (*Id.* at 2.) But the next month—on September 25, 2024—CBP "released responsive travel records" to Kinnally. (ECF 12, at 3.) Also, following this "September production," Kinnally "provided additional data points regarding himself, such as his license plate and phone numbers, that could be utilized in additional searches." (*Id.*) With that information, CBP performed another "thorough search" and "produced all responsive records." (*Id.*)

CBP now moves for summary judgment, arguing all claims are "moot." (ECF 12, at 6–8.) The Court construes that as a motion to dismiss for lack of jurisdiction and agrees that these claims are moot. *See Bishop Paiute Tribe v. Inyo County*, 863 F.3d 1144, 1155 (9th Cir. 2017) (holding that a "federal court lacks [subject matter] jurisdiction to hear a case that is moot"); *see also* Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").

In the FOIA context, when a complaint seeks "injunctive relief directing the [agency] to provide the documents . . . requested," the complaint is "mooted when the [agency] voluntarily" acquiesces. *Carter v. Veterans Admin.*, 780 F.2d 1479, 1481 (9th Cir.

1986). "A FOIA claim is not moot," however, "if the agency produces what it maintains is all the responsive documents, but the plaintiff challenges whether the agency's search for records was adequate." *Yonemoto v. Department of Veterans Affs.*, 686 F.3d 681, 689 (9th Cir. 2012) (cleaned up), *overruled on other grounds by Animal Legal Def. Fund v. U.S. Food & Drug Admin.*, 836 F.3d 987 (9th Cir. 2016) (en banc) (per curiam).

Although the complaint prospectively requested "prompt and adequate searches," (ECF 1, at 5) it did not dispute the sufficiency of CBP's now-completed record searches. Nor could it. After all, when Kinnally first sued, the records had not yet been produced. (*See id.*) So, CBP's production mooted the complaint, warranting dismissal.

The only question, then, is whether Kinnally should be granted leave to amend. CBP says "amendment would be futile," as its search "was more than adequate." (ECF 12, at 8.) And Kinnally waived any contrary argument by failing to respond to CBP's motion here. *See Stichting Pensioenfonds ABP v. Countrywide Fin. Corp.*, 802 F. Supp. 2d 1125, 1132 (C.D. Cal. 2011) ("[I]n most circumstances, failure to respond in an opposition brief to an argument put forward in an opening brief constitutes waiver or abandonment in regard to the uncontested issue." (cleaned up)); *see also Obeng-Amponsah v. U.S. Bank Nat'l Ass'n*, 677 F. App'x 423, 423 (9th Cir. 2017) (affirming "the district court's dismissal for failure to respond" to "defendant's motion to dismiss").

Thus, the complaint is dismissed without prejudice and without leave to amend. CBP's summary-judgment motion is denied as moot, and the hearing on that motion is vacated.

Dated: July 16, 2025

_____
Hon. Andrew G. Schopler
United States District Judge